John M. Desmarais (SBN 320875)
jdesmarais@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
(415) 573-1900

Justin P.D. Wilcox (admitted *pro hac vice*)
jwilcox@desmaraisllp.com
Tamir Packin (SBN 317249)
tpackin@desmaraisllp.com
Steven M. Balcof (admitted *pro hac vice*)
sbalcof@desmaraisllp.com
Carson Olsheski (admitted *pro hac vice*)
colsheski@desmaraisllp.com
David A. Frey (admitted *pro hac vice*)
dfrey@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND

| | |
|---|---|
| CISCO SYSTEMS, INC., a California Corporation, CISCO TECHNOLOGY, INC., a California Corporation<br><br>Plaintiffs,<br><br>v.<br><br>WILSON CHUNG, JAMES HE, JEDD WILLIAMS, and THOMAS PUORRO, individuals, and PLANTRONICS, INC. dba POLY, a Delaware Corporation<br><br>Defendants. | Case No. 4:19-cv-07562-PJH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Date:   N/A<br>Time:   N/A<br>Judge:  Hon. Phyllis J. Hamilton |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (jointly "Cisco") will and hereby does move under Fed. R. Civ. P. 26(c) for entry of a protective order.

This motion is made on the following grounds: the nature of the information at issue and the relationship between the parties give rise to good cause for the Court to enter a protective order. For over two months, Cisco has sought each Defendant's cooperation in negotiating a stipulated protective order, but all have refused to substantively engage in negotiations, believing that discussion of a protective order is premature because Motions to Dismiss are pending. The parties are at an impasse, and Cisco seeks entry of a protective order to facilitate resolution of this case. Cisco submits this Memorandum in support of its motion.

## I. INTRODUCTION

Cisco moves for entry of a protective order (Ex. A[1], the "Proposed PO") to govern the proceedings, including disclosure of the Cisco trade secrets at the heart of this trade secret misappropriation action and other confidential business information. The Proposed PO is based upon this District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model PO") and protects all parties' confidential business information from public disclosure.

Courts in this District expect litigants to negotiate the terms of a proposed stipulated protective order in good faith. For over two months, however, Defendants have refused to negotiate or even to provide proposed edits to the Proposed PO that Cisco now asks the Court to enter. Defendants contend that such negotiations are premature because dispositive motions are pending. But Defendants' contention finds no support in the Local Rules or this Court's precedent. Moreover, Defendants' refusal appears to be strategically designed to stall this case. Defendants will not engage in discovery until Cisco serves its trade secret disclosure, but will not negotiate

---

[1] All Exhibits referenced herein are attached to the Declaration of C. Olsheski ("Olsheski Decl.").

the protections necessary for Cisco to do so.  Indeed, Defendants have even refused to treat Cisco's trade secret disclosure as outside counsel's eyes on an interim basis until a stipulated protective order is entered.  Therefore, Cisco respectfully requests that the Court enter the Proposed PO.

## II.  BACKGROUND

At the parties' February 24. 2020 Rule 26(f) conference, Cisco committed to serving its Cal. Civ. Proc. Code ("CCP") § 2019.210 trade secret disclosure by March 26, provided that a protective order was entered prior to that date. (Olsheski Decl., at ¶ 3.)  None of the Defendants objected to Cisco's proposed course of action.  On March 9, Cisco circulated a proposed protective order—the Proposed PO—to the Defendants for their consideration. (*Id.*)

In the two-plus-months since, Cisco repeatedly sought Defendants' comments on the Proposed PO and offered to meet and confer. (Ex. B, email correspondence.)  Cisco's efforts were met with equivocation, excuses without legal justification, and silence.  Counsel for Dr. Chung and Counsel for Plantronics, Inc. ("Poly") and Mr. Puorro objected to Cisco's proposed revisions to the Model PO, but refused to explain why the revisions were objectionable. (*Id.* at 16, 18.)  Counsel for Mr. He had no comments whatsoever on the Proposed PO. (*Id.*)

When Cisco was unable to gain traction with its Proposed PO, it offered the Defendants alternatives based on the default language of the Model PO to allow the case to proceed.  First, Cisco proposed to serve its trade secret disclosure with an interim outside counsel's only designation—as defined by the Model PO—until the parties could agree on a protective order. (*Id.* at 13, 22.)  Defendants refused. (*Id.* at 10.)  Then, Cisco offered to simply stipulate to the Model PO and serve its trade secret disclosure. (*Id.* at 4.)  Again—inexplicably—Defendants refused. (*Id.* at 10.)  In an about-face from their position on Cisco's Proposed PO, even the Model PO would not satisfy the Defendants.

The parties met and conferred on April 8 and May 13, but at both meetings, the Defendants were unwilling to engage in substantive discussions regarding protections for Cisco's trade secret disclosure. (*Id.* at 1–3, 10–11.)  The Defendants' position is that discussion of a protective order is premature because there are pending motions to dismiss and to compel arbitration. (*Id.* at 6, 12, 16.)  Cisco disagrees, and the parties are at an impasse.

## III. ARGUMENT

The Court may, for good cause, issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). In trade secret misappropriation cases like this one, both the California procedural rules and the law of this District contemplate the need for a protective order to govern trade secret disclosures. *See* CCP § 2019.210 ("the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any [protective] orders that may be appropriate"); *Synapsis, LLC v. Evergreen Data Sys., Inc.*, No. C 05-1524 JF, 2006 WL 2053512, at *2 (N.D. Cal. July 21, 2006) ("trade secrets can and will be adequately protected during the litigation process through an appropriate protective order").

Here, the nature of the information at issue and the relationship between the parties give rise to good cause for the Court to enter a protective order. The Proposed PO is based largely on the Model PO with reasonable revisions tailored to the unique needs of this action. The fact that Defendants filed motions to dismiss and to compel arbitration does not override the need for a protective order in this case, including so that Cisco can serve its trade secret disclosure and discovery can proceed. For these reasons, discussed in detail below, Cisco respectfully requests that the Court enter the Proposed PO.

    **A.    The Highly Sensitive Nature Of The Cisco Trade Secrets At Issue And The Risk That The Defendants Can Misuse That Information Constitute Good Cause To Enter A Protective Order.**

Cisco stands ready to serve its trade secret disclosure pursuant to CCP § 2019.210, but given the nature of that information and the relationship between the parties, Cisco can do so only with adequate protections against misuse. Specifically, the trade secrets at issue in this case reflect Cisco's most sensitive, confidential, and closely guarded business information. (*See, e.g.*, Dkt. 25 at ¶¶ 2–7.) Moreover, a protective order is especially critical because each of the Defendants can benefit from access to Cisco's confidential business information to Cisco's detriment. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) ("parties are entitled to protection from 'undue burden' in discovery, including protection from misuse of trade secrets by competitors"). For instance, Poly is a direct Cisco competitor and Dr. Chung, Mr. Puorro, and Mr.

Williams are current Poly employees. Without adequate protection, there is an unmitigated risk that Poly and its employees use Cisco's confidential business information to gain a market advantage. Similarly, in the absence of a protective order, Mr. He—a technologist with expertise in a number of Cisco's product categories—may use Cisco's highly sensitive information to benefit some unknown competitor. The Proposed PO, consistent with the Model PO, addresses Cisco's concerns by limiting who can access Cisco's trade secret disclosure and other designated confidential information and by setting forth the manner in which information with different levels of confidentiality may be accessed.

### B. Cisco Proposes Reasonable Modifications To The Model PO To Tailor The Default Language To The Needs Of This Action.

Cisco proposes modifications to the Model PO that tailor the default language to the specific needs of this case. (*See* Dkt. 81, Ex. A (redline of Proposed PO vs. Model PO).) The majority of those changes are minor revisions intended to resolve ambiguities and prevent future discovery disputes. For example, the Proposed PO modifies the definition of "Discovery Material" to explicitly cover materials produced by a non-party and written discovery responses (Ex. A at § 2.5), simplifies designations, and explains that trade secrets, financial information, and other enumerated categories of documents are presumed to warrant HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. (*Id.* at § 2.7.) Further, the Proposed PO clarifies that "Outside Counsel of Record" includes partners, associates and staff of such counsel to whom it is reasonably necessary to disclose the information for this action, thereby limiting the need for future discussions on this routine matter. (*Id.* at § 2.10.) And—because this case is likely to require forensic analysis of computer equipment—the definition of "Professional Vendors" was modified to include persons or entities providing forensic analysis services. (*Id.* at § 2.13.)

The Proposed PO expands on the Model PO's provisions for production and disclosure of protected materials with detailed procedures. For example, the Proposed PO details how designated documents should be marked (*id.* at § 5.2(a)), gives counsel the right to exclude any person from a deposition who is not subject to the protective order (*id.* at § 5.2(c)), and outlines procedures for source code review to minimize foreseeable disputes over the mechanics of source

code review (*id.* at § 8.). Critically, the Proposed PO also specifies how to challenge confidentiality designations in accordance with Civil Local Rules 7 and 79-5 (*id.* at § 6.3)—a common issue in trade secret misappropriation cases.

The Proposed PO makes a limited number of substantive changes to enhance the scope of protection over designated materials. In particular, it provides that even if Designated Material is disclosed by any party without the Designating Party's authorization, the protections conferred by the Proposed Order remain in effect. (*Id.* at § 3.) Further, the Proposed Order clarifies that limited, required disclosures do not extinguish the protections conferred by the Proposed PO, such as, for example, a disclosure to a government regulatory agency or in response to a subpoena. (*Id.*) In addition, the Proposed PO prohibits employees of a receiving party from receiving confidential or highly confidential materials. (*Id.* at § 7.)

Defendants have not identified any specific provisions of the Proposed Order they find problematic. To date, their objections have been limited to conclusory characterizations of Cisco's proposed modifications and premature complaints about Cisco's prospective designation of its trade secret disclosure. (*E.g.*, Ex. B at 16 ("Dr. Chung objects to the Protective Order to the extent that it deviates from the Court's model order"); *id.* at 10 ("Cisco proposed numerous modifications to the Northern District model protective order, which overwhelmingly were unnecessary and, in many instances, rendered the protective order internally conflicting"); *id.* at 10 ("[Cisco] still has not explained how the entire disclosure document is appropriately designated as confidential. While we understand trade secret protections, defendants seriously doubt that every word on the entire document qualifies for attorneys' eyes only protection.").) While Defendants' comments demonstrate a concerted effort to avoid meaningful engagement on protective order issues, they do not present actionable disputes and should not prevent the entry of the Proposed PO.

In sum, the Proposed PO includes modifications to the Model PO that are both reasonable and necessary given the scope of this case. Collectively, Cisco's proposed changes facilitate discovery by resolving ambiguity, expanding on protocols where appropriate, and bolstering the protection afforded highly sensitive information, including Cisco's trade secrets, that will inevitably be disclosed in this litigation.

### C. Defendants' Pending Motions Do Not Obviate The Need For A Protective Order In This Case—Discovery Should Proceed.

Defendants' principal objection to the Proposed PO has nothing to do with its substance. Rather, Defendants have frustrated the protective order negotiation to create a *de facto* stay during the pendency of their motions to dismiss and to compel arbitration. (*E.g.*, *id.* at 16 ("Dr. Chung also believes that the discussion of a protective order is premature until the Court determines whether the claims against Dr. Chung will proceed in arbitration"); *id.* at 10 ("Judge Hamilton's court procedures . . . require settled pleadings and a CMC before discovery is to proceed. . . . No discovery should move forward until the court has ruled on the motions and the parties have had their CMC.").) But Cisco is aware of no rule or procedure of this Court that prohibits entry or meaningful discussion of a protective order because of pending motions. Nor would such a practice help "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed R. Civ. P. 1. The Proposed PO, on the other hand, protects Cisco's interests in its trade secrets and facilitates the just, speedy, and inexpensive resolution of this action.

## IV. CONCLUSION

For the reasons stated herein, the Court should grant Cisco's Motion for Entry of the Proposed PO.

Respectfully submitted,

Dated: May 21, 2020

DESMARAIS LLP

By: */s/ Carson Olsheski*
John M. Desmarais (SBN 320875)
jdesmarais@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
(415) 573-1900

Justin P.D. Wilcox (admitted *pro hac vice*)
jwilcox@desmaraisllp.com
Tamir Packin (SBN 317249)
tpackin@desmaraisllp.com
Steven M. Balcof (admitted *pro hac vice*)
sbalcof@desmaraisllp.com
Carson Olsheski (admitted *pro hac vice*)
colsheski@desmaraisllp.com

David A. Frey (admitted *pro hac vice*)
dfrey@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*Attorneys for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I hereby certify that, as counsel for Plaintiffs, I have met and conferred and attempted in good faith to resolve the above-referenced dispute without Court intervention.

Dated: May 21, 2020          By:   */s/ Carson Olsheski*