# EXHIBIT A

John M. Desmarais (SBN 320875)
jdesmarais@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
(415) 573-1900

Justin P.D. Wilcox (admitted *pro hac vice*)
jwilcox@desmaraisllp.com
Tamir Packin (SBN 317249)
tpackin@desmaraisllp.com
Steven M. Balcof (admitted *pro hac vice*)
sbalcof@desmaraisllp.com
Carson Olsheski (admitted *pro hac vice*)
colsheski@desmaraisllp.com
David A. Frey (admitted *pro hac vice*)
dfrey@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND**

| | |
|---|---|
| CISCO SYSTEMS, INC., a California Corporation, CISCO TECHNOLOGY, INC., a California Corporation<br><br>Plaintiffs,<br><br>v.<br><br>WILSON CHUNG, JAMES HE, JEDD WILLIAMS, and THOMAS PUORRO, individuals, and PLANTRONICS, INC. dba POLY, a Delaware Corporation<br><br>Defendants. | Case No. 4:19-cv-07562-PJH<br><br>**PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO DEFENDANTS CHUNG'S AND HE'S MOTIONS TO STAY DISCOVERY AND, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br>Date:   N/A<br>Time:   N/A<br>Judge:  Hon. Phyllis J. Hamilton |

## I. INTRODUCTION

On May 20, Defendants Thomas Puorro ("Mr. Puorro") and Plantronics, Inc.'s ("Poly") filed Motions to Stay Discovery and for a Protective Order (the "Poly Motion"). On June 3—the filing deadline for Cisco's brief in opposition to those motions—Defendants Wilson Chung ("Dr. Chung") and James He ("Mr. He") joined Mr. Puorro and Poly in the Stay Motions (Dkt. Nos. 99, 100 (the "Joinder Motions")). Because the Joinder Motions were filed concurrently with Cisco's Opposition to Defendant Plantronics, Inc. And Thomas Puorro's Motion To Stay Discovery And, In the Alternative, For A Protective Order ("Opposition"), Cisco was unable to address the Dr. Chung and Mr. He joinder in that brief.

Defendants Chung and He do not meet the "heavy burden" of showing "good cause" why a stay is warranted. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blackenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). They argue that discovery is premature because there is no operative complaint on file[1]—but Cisco addressed that purported issue by filing the Second Amended Complaint on June 12. (*See* Dkt. No. 108.) Moreover, the Joinder Motions are ineffectual. In particular, Dr. Chung and Mr. He fail to articulate why the Poly Motion for a stay applies to them and, even if they had, the Poly Motion should be denied for the reasons set forth in Cisco's Opposition, incorporated by reference herein.

Dr. Chung and Mr. He also ostensibly seek a protective order from Cisco's written discovery requests—that request should be denied as well. First, their request is procedurally deficient in that neither Dr. Chung nor Mr. He satisfied the Local Rule 37-1(a) meet-and-confer requirement. Second, even if their protective order motions were properly before the Court, they should nonetheless be denied because Cisco's pending discovery requests are reasonably tailored to the needs of this wide-ranging and complex trade secret misappropriation case.

For the reasons that are specific to Dr. Chung and Mr. He, which Cisco discusses in detail

---

[1] On May 26, the Court ruled on Dr. Chung and Mr. He's motions to dismiss the First Amended Complaint. (Dkt. No. 97.) Although Cisco had alleged its trade secrets with sufficient particularity (*id*. at 33-34) with respect to Dr. Chung and Mr. He, the First Amended Complaint fell short of alleging independent economic value of the trade secrets misappropriated (*id*. at 36) with respect to Dr. Chung and Mr. He.

below, and the reasons Cisco explains in its Opposition, Cisco respectfully requests that the Court deny Defendants Chung's and He's requests for a stay and protective order.

## II. ARGUMENT

### A. Defendants Chung And He Do Not Establish The Good Cause Necessary To Stay Discovery—They Present No Valid Arguments Of Their Own, The Poly Motion Does Not Justify A Stay, And Their Conclusory Adoption Of The Poly Motion Does Not Describe The Prejudice They Will Suffer If Discovery Proceeds.

In the Ninth Circuit, a litigant seeking a stay is required to meet the heavy burden of showing good cause why a stay is warranted. *Gray*, 133 F.R.D. at 40. Dr. Chung and Mr. He do not—and cannot—meet that high bar. Both Defendants argue that in view of the Court's dismissal of Cisco's claims against them (Dkt No. 97), that discovery is premature without an operative complaint. But that argument has been rendered moot by Cisco's filing of the Second Amended Complaint, which re-pleads the claims against Dr. Chung and Mr. He with additional allegations about the independent economic value of Cisco's trade secrets to address the counts that the Court had found lacking in Cisco's First Amended Complaint. (*See* Dkt. No. 108.) In addition, Dr. Chung and Mr. He each fail to describe what specific prejudice—if any—they will suffer if discovery proceeds.

Dr. Chung and Mr. He's conclusory joinder of the Poly Motion for a stay is similarly unavailing. First, as Cisco contends in its Opposition, the Poly Motion for a stay is not supported by a showing of a good cause and should be denied. Second, Dr. Chung and Mr. He fail to explain how they are similarly situated to Mr. Puorro and Poly, such that they will suffer the alleged prejudice described in Poly Motion.

In sum, for the reasons Cisco states in its Opposition and because Defendants Chung and He fail to make a particularized showing of good cause or prejudice, their motion for a stay should be denied.

### B. Dr. Chung and Mr. He's Protective Order Request Should Be Denied Because They Failed To Meet And Confer, As Required By Local Rule 37-1(a).

Local Rule 37-1(a) requires that parties meet and confer before bringing discovery disputes before the Court. Neither Dr. Chung nor Mr. He has requested to meet and confer about Cisco's

written discovery. Cisco remains willing to confer with all Defendants on the scope of its discovery requests and until that dialogue occurs, any motion for a protective order is premature should be denied. *See, e.g., Zepeda v. PayPal, Inc.*, No. C 10-2500 SBA, 2013 WL 2051641, at *2 (N.D. Cal. May 14, 2013).

### C. Cisco's Discovery Requests Are Proportional To The Needs Of This Case.

A party seeking protective order must "allege specific prejudice or harm ***now***." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (emphasis added). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986)).

#### 1. Cisco's Requests For Production Are Proportional To The Needs Of This Case

Cisco's requests for production are proportionate to the needs of this complex commercial dispute in which thousands of documents spanning the entirety of Cisco's collaboration business unit are implicated. (Dkt. No. 102 at 9.)

*First*, RFP Nos. 2, 5, 11, 12, and 15 (Dkt. No. 81-4 at 51-52, 59-60) to Dr. Chung and Mr. He are focused on the recruitment efforts by Poly and the individual defendants are highly relevant to Cisco's allegations of a recruiting scheme. (*See* Dkt. No. 102 ¶¶ 1, 5, 8, 27, 82, 334.) Those requests are relevant to the claims against Dr. Chung and Mr. He because Dr. Chung himself recruited Mr. He to join Poly. (*See* Dkt. No. 102 ¶¶ 5, 27, 82, 334.) In their transition from Cisco, both employees similarly transferred Cisco documents to external drives and kept the drives during their employment at Poly. (*See* Dkt. No. 102 ¶¶ 38-57, 78, 87, 96, 101, 109, 115, 117-126, 129.) They both deleted files when their actions were brought into question by Cisco. (*See* Dkt. No. 102 ¶¶ 91-92, 129.) This parallel conduct supports Cisco's allegations of an organized scheme.

*Second*, RFP Nos. 3, 4, 8, and 13 (Dkt. No. 81-4 at 51-52, 59-60) to Dr. Chung and Mr. He are focused on Cisco's products, documents, and business information and are highly relevant to this case as they show what materials the defendants retained and transmitted to others. Cisco's

trade secrets—the heart of this case—cover its products, strategies, and financial information and are therefore directly and highly relevant. (*See* Dkt. No. 102 ¶¶ 27, 99, 103, 134.)

*Third*, RFP Nos. 6 and 7 (Dkt. No. 81-4 at 51, 59) to Dr. Chung and Mr. He are requests that focus on their compensation and are highly relevant to the issue of how much others were willing to pay for access to Cisco's trade secrets. This Court has acknowledged with respect to Mr. Williams that "[e]mployment comes with certain monetary and other compensatory benefits, which, plainly, are economically valuable." (Dkt. No. 97 at 37.)

*Fourth*, RFP Nos. 1, 10, and 15 (Dkt. No. 81-4 at 51-52, 59-60) to Dr. Chung and Mr. He are focused on communications between defendants and are highly relevant to this case because they are a known mode of misappropriation and are probative of the willfulness and maliciousness of the conduct at issue. (Dkt. No. 102 at 10.)

*Fifth*, RFP No. 9 (Dkt. No. 81-4 at 52, 60) to Dr. Chung and Mr. He addresses product design decisions Dr. Chung and Mr. He made at Poly and is relevant to damages and the extent of misappropriation within Poly. The temporal scope of this request is limited to the short amount of time each Defendant worked at Poly.

*Sixth*, RFP Nos. 16 and 17 (Dkt. No. 81-4 at 60) to Mr. He are focused on Mr. He's termination. (*See* Dkt. No. 102 ¶ 130.) After Cisco informed Poly of Mr. He's misappropriation, Poly investigated and promptly fired Mr. He. (*Id.*) These documents are relevant to understanding the course of dealing between Mr. He and Poly, and identifying what Poly found as different between Mr. He and Dr. Chung. These requests are proportionate to the needs of this case.

### 2. Cisco's Interrogatories Are Proportional To The Needs Of This Case

Cisco served three near-identical interrogatories upon Dr. Chung and Mr. He that request information about how Dr. Chung and Mr. He handled Cisco's trade secrets.

Interrogatory No. 1 requests that Dr. Chung and Mr. He identify the storage media they used to transfer Cisco documents and information. (Dkt. No. 81-4 at 21, 27.) Cisco is already aware of certain devices, such as the Seagate drives and Lacie drive, used by these individual defendants. (*See* Dkt. No. 102 ¶¶ 38-57, 78, 87, 96, 101, 109, 115, 117-126, 129.) This

interrogatory is proportionate and tailored to help narrow future discovery requests by identifying the modes of misappropriation by the individual defendants.

Interrogatory No. 2 requests that Dr. Chung and Mr. He describe the basis for any belief that their conduct was explicitly or implicitly authorized by Cisco.  (Dkt. No. 81-4 at 21-22, 27-28.)  Mr. He has already put forward in briefing that his conduct was within "regular use and backup during the course and scope of his employment, rather than any misappropriation of trade secrets following his departure from Cisco."  (Dkt. No. 54 at 4.)  Cisco disagrees.  (Dkt. No. 102 ¶¶ 104, 122, 124-127, 245-248.)  This interrogatory is tailored to explore Mr. He's contention that his unauthorized copying of Cisco's files was somehow authorized by Cisco.

Interrogatory No. 3 requests that Dr. Chung and Mr. He identify what documents they accessed after leaving Cisco.[2]  (Dkt. No. 81-4 at 22, 28.)  This interrogatory seeks to uncover the scope of misappropriation—a central issue in this case.

*   *   *   *   *

Collectively, Cisco's discovery requests are relevant and proportional to the needs of the case.  Dr. Chung and Mr. He have not articulated any undue burden associated with providing the requested information.

### III.    CONCLUSION

For the reasons set forth above, Cisco respectfully requests the Court deny Dr. Chung and Mr. He's Motion To Stay Discovery And, In The Alternative, For A Protective Order.

Respectfully submitted,

Dated:  June 17, 2020

DESMARAIS LLP

By: /s/ Carson Olsheski
John M. Desmarais (SBN 320875)
jdesmarais@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
(415) 573-1900

---

[2] Or rather, in Dr. Chung's case, on February 26, 2019 when his dual-employment with both Poly and Cisco began. (*See* Dkt. No. 102 ¶ 69.)

Justin P.D. Wilcox (admitted *pro hac vice*)
jwilcox@desmaraisllp.com
Tamir Packin (SBN 317249)
tpackin@desmaraisllp.com
Steven M. Balcof (admitted *pro hac vice*)
sbalcof@desmaraisllp.com
Carson Olsheski (admitted *pro hac vice*)
colsheski@desmaraisllp.com
David A. Frey (admitted *pro hac vice*)
dfrey@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*Attorneys for Plaintiffs*