OTTO O. LEE (SBN 173987)
olee@iplg.com
KEVIN VIAU (SBN 275556)
kviau@iplg.com
JENNY HONG-GONZALEZ (SBN 297039)
jhonggonzalez@iplg.com
INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

Attorneys for Defendant JAMES HE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., a California Corporation, CISCO TECHNOLOGY, INC., a California Corporation, | Case No.: 3:19-cv-07562-PJH |
| Plaintiffs, | **DEFENDANT JAMES HE'S ANSWER TO SECOND AMENDED COMPLAINT; COUNTERCLAIMS; DEMAND FOR JURY TRIAL** |
| v. | |
| PLANTRONICS, INC., a Delaware Corporation, WILSON CHUNG, JAMES HE, JEDD WILLIAMS, AND THOMAS PUORRO individuals, | |
| Defendants. | |

## <u>ANSWER</u>

COMES NOW Defendant James He ("HE") and in answer to the Second Amended Complaint ("SAC"), admits, denies, and alleges as follows:

James He reserves the right to amend, add, or strike affirmative defense as discovery ensues, or due to any inadvertence.  James He further reserves the right to raise additional affirmative defenses and/or submit such at trial, which are subsequently discovered through the discovery process.  James He denies any allegations of the Complaint not specifically admitted herein.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

**Introduction**

1.      HE admits the SAC purports to state claims for misappropriation of trade secrets, but denies that the SAC states any valid claims against HE.  HE denies any remaining allegations of Paragraph 1.

2.      HE admits Cisco designs, builds, and sells collaboration platforms.  HE lacks knowledge or information sufficient to admit or deny that Cisco takes reasonable measures to keep information secret and accordingly all remaining allegations of Paragraph 2.

3.      HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 3 and accordingly denies the allegations.

4.      HE denies the allegations of Paragraph 4.

5.      HE admit that he was employed by Plantronics, Inc. ("Poly") for a short period of time.  HE denies all remaining allegations of Paragraph 5.

6.      HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6 and accordingly denies the allegations.

7.      HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 7 and accordingly denies the allegations.

8.      HE denies the allegations of Paragraph 8.

9.      HE denies the allegations of Paragraph 9.

10.      HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 10 and accordingly denies the allegations.

11.      HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 11 and accordingly denies the allegations.

12.      HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 12 and accordingly denies the allegations.

13.      HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 13 and accordingly denies the allegations.

14.      HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 14 and accordingly denies the allegations.

15.     HE admits the allegations of Paragraph 14.

16.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 16 and accordingly denies the allegations.

17.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 17 and accordingly denies the allegations.

<u>**Nature of the Action**</u>

18.     HE admits the SAC purports to state claims for violations of the Defend Trade Secrets Act ("DTSA"), under 18 U.S.C. § 1836 et seq. and Cal. Civ. Code § 3426 et seq., but denies that the SAC states any valid claims against James He.

<u>**Jurisdiction and Venue**</u>

19.     The allegations of Paragraph 19 sets forth a legal conclusion for which no response is required.  To the extent that a response is required, HE denies the allegations.

20.     The allegations of Paragraph 20 sets forth a legal conclusion for which no response is required.  To the extent that a response is required, HE denies the allegations.

21.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 21 and accordingly denies the allegations.

22.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 22 and accordingly denies the allegations.

23.     James He admits the allegations of Paragraph 23.

24.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 24 and accordingly denies the allegations.

25.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 25 and accordingly denies the allegations.

26.     The allegations of Paragraph 26 sets forth a legal conclusion for which no response is required.  To the extent that a response is required, HE denies the allegations.

<u>**Factual Allegations**</u>

A.     **Dr. Chung**

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

27.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 27 and accordingly denies the allegations.

28.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 28 and accordingly denies the allegations.

29.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 29 and accordingly denies the allegations.

30.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 30 and accordingly denies the allegations.

31.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 31 and accordingly denies the allegations.

32.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 32 and accordingly denies the allegations.

33.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 32 and accordingly denies the allegations.

34.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 34 and accordingly denies the allegations.

35.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 35 and accordingly denies the allegations.

36.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 36 and accordingly denies the allegations.

37.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 37 and accordingly denies the allegations.

38.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 38 and accordingly denies the allegations.

39.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 39 and accordingly denies the allegations.

40.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 40 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

41.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 41 and accordingly denies the allegations.

42.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 42 and accordingly denies the allegations.

43.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 43 and accordingly denies the allegations.

44.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 44 and accordingly denies the allegations.

45.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 45 and accordingly denies the allegations.

46.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 46 and accordingly denies the allegations.

47.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 47 and accordingly denies the allegations.

48.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 48 and accordingly denies the allegations.

49.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 49 and accordingly denies the allegations.

50.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 50 and accordingly denies the allegations.

51.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 51 and accordingly denies the allegations.

52.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 52 and accordingly denies the allegations.

53.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 53 and accordingly denies the allegations.

54.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 54 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

1

2

55.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 55 and accordingly denies the allegations.

3

4

56.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 56 and accordingly denies the allegations.

5

6

57.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 57 and accordingly denies the allegations.

7

8

58.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 58 and accordingly denies the allegations.

9

10

59.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 59 and accordingly denies the allegations.

11

12

60.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 60 and accordingly denies the allegations.

13

14

61.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 61 and accordingly denies the allegations.

15

16

62.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 62 and accordingly denies the allegations.

17

18

63.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 63 and accordingly denies the allegations.

19

20

64.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 64 and accordingly denies the allegations.

21

22

65.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 65 and accordingly denies the allegations.

23

24

66.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 66 and accordingly denies the allegations.

25

26

67.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 67 and accordingly denies the allegations.

27

28

68.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 68 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

1    69.    HE lacks knowledge or information sufficient to admit or deny the allegations of

2    Paragraph 69 and accordingly denies the allegations.

3    70.    HE lacks knowledge or information sufficient to admit or deny the allegations of

4    Paragraph 70 and accordingly denies the allegations.

5    71.    HE lacks knowledge or information sufficient to admit or deny the allegations of

6    Paragraph 71 and accordingly denies the allegations.

7    72.    HE lacks knowledge or information sufficient to admit or deny the allegations of

8    Paragraph 72 and accordingly denies the allegations.

9    73.    HE lacks knowledge or information sufficient to admit or deny the allegations of

10   Paragraph 73 and accordingly denies the allegations.

11   74.    HE lacks knowledge or information sufficient to admit or deny the allegations of

12   Paragraph 74 and accordingly denies the allegations.

13   75.    HE lacks knowledge or information sufficient to admit or deny the allegations of

14   Paragraph 75 and accordingly denies the allegations.

15   76.    HE lacks knowledge or information sufficient to admit or deny the allegations of

16   Paragraph 76 and accordingly denies the allegations.

17   77.    HE lacks knowledge or information sufficient to admit or deny the allegations of

18   Paragraph 77 and accordingly denies the allegations.

19   78.    HE lacks knowledge or information sufficient to admit or deny the allegations of

20   Paragraph 78 and accordingly denies the allegations.

21   79.    HE lacks knowledge or information sufficient to admit or deny the allegations of

22   Paragraph 79 and accordingly denies the allegations.

23   80.    HE lacks knowledge or information sufficient to admit or deny the allegations of

24   Paragraph 80 and accordingly denies the allegations.

25   81.    HE lacks knowledge or information sufficient to admit or deny the allegations of

26   Paragraph 81 and accordingly denies the allegations.

27   82.    HE denies the allegations of Paragraph 82.

28

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

1   83.   HE lacks knowledge or information sufficient to admit or deny the allegations of

2   Paragraph 83 and accordingly denies the allegations.

3   84.   HE lacks knowledge or information sufficient to admit or deny the allegations of

4   Paragraph 84 and accordingly denies the allegations.

5   85.   HE lacks knowledge or information sufficient to admit or deny the allegations of

6   Paragraph 85 and accordingly denies the allegations.

7   86.   HE lacks knowledge or information sufficient to admit or deny the allegations of

8   Paragraph 86 and accordingly denies the allegations.

9   87.   HE lacks knowledge or information sufficient to admit or deny the allegations of

10  Paragraph 87 and accordingly denies the allegations.

11  88.   HE lacks knowledge or information sufficient to admit or deny the allegations of

12  Paragraph 88 and accordingly denies the allegations.

13  89.   HE lacks knowledge or information sufficient to admit or deny the allegations of

14  Paragraph 89 and accordingly denies the allegations.

15  90.   HE lacks knowledge or information sufficient to admit or deny the allegations of

16  Paragraph 90 and accordingly denies the allegations.

17  91.   HE lacks knowledge or information sufficient to admit or deny the allegations of

18  Paragraph 91 and accordingly denies the allegations.

19  92.   HE lacks knowledge or information sufficient to admit or deny the allegations of

20  Paragraph 92 and accordingly denies the allegations.

21  93.   HE lacks knowledge or information sufficient to admit or deny the allegations of

22  Paragraph 93 and accordingly denies the allegations.

23  94.   HE lacks knowledge or information sufficient to admit or deny the allegations of

24  Paragraph 94 and accordingly denies the allegations.

25  95.   HE lacks knowledge or information sufficient to admit or deny the allegations of

26  Paragraph 95 and accordingly denies the allegations.

27  96.   HE lacks knowledge or information sufficient to admit or deny the allegations of

28  Paragraph 96 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

97.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 97 and accordingly denies the allegations.

98.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 98 and accordingly denies the allegations.

99.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 99 and accordingly denies the allegations.

100.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 100 and accordingly denies the allegations.

101.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 101 and accordingly denies the allegations.

102.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 102 and accordingly denies the allegations.

**B.      Mr. He**

103.    HE admits that he worked for Cisco for many years and played a role in developing successful products. HE admits that he had access to Cisco source code during his period of employment but denies that he actually accessed any Cisco source code from the source code server for several years before he left Cisco.  HE denies any remaining allegations of Paragraph 103

104.    HE denies the allegations of Paragraph 104.

105.    HE denies the allegations of Paragraph 105.

106.    HE denies the allegations of Paragraph 106.

107.    HE admits that he occasionally took photographs in the course and scope of his employment at Cisco, but denies the inference that these photographs were taken or used for improper, unlawful, or illegal purposes.  HE denies any remaining allegations of Paragraph 107.

108.    HE admits that he occasionally took photographs in the course and scope of his employment at Cisco, but denies the inference that these photographs were taken or used for improper, unlawful, or illegal purposes.  HE denies any remaining allegations of Paragraph 108.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

109.    HE admits that he copied certain documents related to headset concepts in the ordinary course and scope of his Cisco employment as engineering lead.  HE denies any remaining allegations of Paragraph 109.

110.    HE admits that the trip taken around June 1, 2019 was personal in nature, and that he continued to work remotely during this time.  HE denies any remaining allegations of Paragraph 110.

111.    HE admits that he reviewed certain photographs of headsets in order to work remotely, as part of ordinary course and scope of his Cisco employment.  HE denies any remaining allegations of Paragraph 111.

112.    HE admits that he reviewed certain photographs of headsets in order to work remotely, as part of ordinary course and scope of his Cisco employment.  HE denies any remaining allegations of Paragraph 112.

113.    HE denies the allegations of Paragraph 113.

114.    HE admits that he connected to the network while he was still employed by Cisco as part of ordinary course and scope of his Cisco employment.  HE denies any remaining allegations of Paragraph 114.

115.    HE admits that he copied certain documents related to headset concepts in the ordinary course and scope of his Cisco employment as engineering lead.  HE denies any remaining allegations of Paragraph 109.

116.    HE admits that he discussed his resignation with his manager on or about June 10, 2019, and that he had not decided at such point to join Poly.  HE denies any remaining allegations of Paragraph 116.

117.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 117 and accordingly denies the allegations.

118.    HE admits that he copied certain documents in the ordinary course and scope of his Cisco employment particularly to facilitate remote work.  HE denies any remaining allegations of Paragraph 118.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

119.    HE admits that he copied certain documents in the ordinary course and scope of his Cisco employment particularly to facilitate remote work.  HE denies any remaining allegations of Paragraph 119.

120.    HE admits that he copied certain documents in the ordinary course and scope of his Cisco employment particularly to facilitate remote work.  HE denies any remaining allegations of Paragraph 120.

121.    HE admits the allegations of Paragraph 121.

122.    HE denies the allegations of Paragraph 122.

123.    HE admits the allegations of Paragraph 123.

124.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 124 and accordingly denies the allegations.

125.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 125 and accordingly denies the allegations.

126.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 126 and accordingly denies the allegations.

127.    HE denies the allegations of Paragraph 127.

128.    HE admits that he received a notice from a Cisco lawyer on August 2, 2019.  HE denies any remaining allegations of Paragraph 128.

129.    HE denies the allegations of Paragraph 129.

130.    HE admits that Poly terminated his employment.  HE lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 130 and accordingly denies the allegations.

131.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 131 and accordingly denies the allegations.

132.    HE admits that the Proprietary Information and Inventions Agreement was entered and denies any remaining allegations of Paragraph 132.

133.    HE denies the allegations of Paragraph 133.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

134.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 134 and accordingly denies the allegations.

135.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 135 and accordingly denies the allegations.

136.     HE denies the allegations of Paragraph 136.

137.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 137 and accordingly denies the allegations.

**C.     Messrs. Williams & Puorro**

138.     HE knowledge or information sufficient to admit or deny the allegations of Paragraph 138 and accordingly denies the allegations.

139.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 139 and accordingly denies the allegations.

140.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 140 and accordingly denies the allegations.

141.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 141 and accordingly denies the allegations.

142.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 142 and accordingly denies the allegations.

143.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 143 and accordingly denies the allegations.

144.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 144 and accordingly denies the allegations.

145.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 145 and accordingly denies the allegations.

146.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 146 and accordingly denies the allegations.

147.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 147 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

148.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 148 and accordingly denies the allegations.

149.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 149 and accordingly denies the allegations.

150.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 150 and accordingly denies the allegations.

151.    HE He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 151 and accordingly denies the allegations.

152.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 152 and accordingly denies the allegations.

153.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 153 and accordingly denies the allegations.

154.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 154 and accordingly denies the allegations.

155.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 155 and accordingly denies the allegations.

156.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 156 and accordingly denies the allegations.

157.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 157 and accordingly denies the allegations.

158.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 158 and accordingly denies the allegations.

159.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 159 and accordingly denies the allegations.

160.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 160 and accordingly denies the allegations.

161.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 161 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

162.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 162 and accordingly denies the allegations.

163.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 163 and accordingly denies the allegations.

164.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 164 and accordingly denies the allegations.

165.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 165 and accordingly denies the allegations.

166.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 166 and accordingly denies the allegations.

167.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 167 and accordingly denies the allegations.

168.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 168 and accordingly denies the allegations.

169.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 169 and accordingly denies the allegations.

170.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 170 and accordingly denies the allegations.

171.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 171 and accordingly denies the allegations.

172.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 172 and accordingly denies the allegations.

173.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 173 and accordingly denies the allegations.

174.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 174 and accordingly denies the allegations.

175.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 175 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

176.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 176 and accordingly denies the allegations.

177.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 177 and accordingly denies the allegations.

178.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 178 and accordingly denies the allegations.

179.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 179 and accordingly denies the allegations.

180.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 180 and accordingly denies the allegations.

181.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 181 and accordingly denies the allegations.

182.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 182 and accordingly denies the allegations.

183.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 183 and accordingly denies the allegations.

184.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 184 and accordingly denies the allegations.

185.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 185 and accordingly denies the allegations.

186.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 186 and accordingly denies the allegations.

187.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 187 and accordingly denies the allegations.

188.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 188 and accordingly denies the allegations.

189.    HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 189 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

190. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 190 and accordingly denies the allegations.

191. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 191 and accordingly denies the allegations.

192. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 192 and accordingly denies the allegations.

193. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 193 and accordingly denies the allegations.

194. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 194 and accordingly denies the allegations.

195. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 195 and accordingly denies the allegations.

196. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 196 and accordingly denies the allegations.

197. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 197 and accordingly denies the allegations.

198. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 198 and accordingly denies the allegations.

199. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 199 and accordingly denies the allegations.

200. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 200 and accordingly denies the allegations.

201. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 201 and accordingly denies the allegations.

202. HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 202 and accordingly denies the allegations.

**D. Poly**

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

203.     Paragraph 203 contains no allegations of substance or fact.  To the extent any response is required, HE denies the allegations of Paragraph 203.

204.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 204 and accordingly denies the allegations.

205.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 205 and accordingly denies the allegations.

206.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 206 and accordingly denies the allegations.

207.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 207 and accordingly denies the allegations.

208.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 208 and accordingly denies the allegations.

209.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 209 and accordingly denies the allegations.

210.     HE denies the allegations of Paragraph 210.

211.     HE lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 211 and accordingly denies the allegations.

### Count I

212.     Paragraph 212 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

213.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 213 and accordingly denies the allegations.

214.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 214 and accordingly denies the allegations.

215.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 215 and accordingly denies the allegations.

216.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 216 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

217.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 217 and accordingly denies the allegations.

218.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 218 and accordingly denies the allegations.

219.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 219 and accordingly denies the allegations.

220.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 220 and accordingly denies the allegations.

221.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 221 and accordingly denies the allegations.

222.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 222 and accordingly denies the allegations.

223.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 223 and accordingly denies the allegations.

224.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 224 and accordingly denies the allegations.

225.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 226 and accordingly denies the allegations.

226.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 226 and accordingly denies the allegations.

227.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 227 and accordingly denies the allegations.

228.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 228 and accordingly denies the allegations.

229.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 229 and accordingly denies the allegations.

230.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 230 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

231.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 231 and accordingly denies the allegations.

232.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 232 and accordingly denies the allegations.

233.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 233 and accordingly denies the allegations.

234.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 234 and accordingly denies the allegations.

235.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 235 and accordingly denies the allegations.

## Count II

236.    Paragraph 221 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

237.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 237 and accordingly denies the allegations.

238.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 238 and accordingly denies the allegations.

239.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 239 and accordingly denies the allegations.

240.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 240 and accordingly denies the allegations.

241.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 241 and accordingly denies the allegations.

## Count III

242.    Paragraph 242 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

243.    James He denies the allegations of Paragraph 243.

244.    James He denies the allegations of Paragraph 244.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

1    245.    James He denies the allegations of Paragraph 245.

2    246.    James He denies the allegations of Paragraph 246.

3    247.    James He denies the allegations of Paragraph 247.

4    248.    James He denies the allegations of Paragraph 248.

5    249.    James He lacks knowledge or information sufficient to admit or deny the allegations

6    of Paragraph 249 and accordingly denies the allegations.

7    250.    James He lacks knowledge or information sufficient to admit or deny the allegations

8    of Paragraph 250 and accordingly denies the allegations.

9    251.    James He lacks knowledge or information sufficient to admit or deny the allegations

10   of Paragraph 251 and accordingly denies the allegations.

11   252.    James He lacks knowledge or information sufficient to admit or deny the allegations

12   of Paragraph 252 and accordingly denies the allegations.

13   253.    James He admits the PIIA was entered into.  James He denies any remaining

14   allegations of Paragraph 253.

15   254.    James He lacks knowledge or information sufficient to admit or deny the allegations

16   of Paragraph 254 and accordingly denies the allegations.

17   255.    James He lacks knowledge or information sufficient to admit or deny the allegations

18   of Paragraph 255 and accordingly denies the allegations.

19   256.    James He denies the allegations of Paragraph 256.

20   257.    James He lacks knowledge or information sufficient to admit or deny the allegations

21   of Paragraph 257 and accordingly denies the allegations.

22   258.    James He lacks knowledge or information sufficient to admit or deny the allegations

23   of Paragraph 258 and accordingly denies the allegations.

24   259.    James He lacks knowledge or information sufficient to admit or deny the allegations

25   of Paragraph 259 and accordingly denies the allegations.

26   260.    James He denies the allegations of Paragraph 260.

27   261.    James He admits the allegations of Paragraph 261.

28   262.    James He denies the allegations of Paragraph 262.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

263.    James He denies the allegations of Paragraph 263.

## Count VI

264.    Paragraph 264 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

265.    James He denies the allegations of Paragraph 265.

266.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 266 and accordingly denies the allegations.

267.    James He denies the allegations of Paragraph 267.

268.    James He denies the allegations of Paragraph 268.

269.    James He denies the allegations of Paragraph 269.

270.    James He denies the allegations of Paragraph 270.

## Count V

271.    Paragraph 271 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

272.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 272 and accordingly denies the allegations.

273.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 273 and accordingly denies the allegations.

274.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 274 and accordingly denies the allegations.

275.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 275 and accordingly denies the allegations.

276.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 276 and accordingly denies the allegations.

277.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 277 and accordingly denies the allegations.

278.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 278 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

279.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 279 and accordingly denies the allegations.

280.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 280 and accordingly denies the allegations.

281.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 281 and accordingly denies the allegations.

282.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 282 and accordingly denies the allegations.

283.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 283 and accordingly denies the allegations.

284.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 284 and accordingly denies the allegations.

285.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 285 and accordingly denies the allegations.

286.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 286 and accordingly denies the allegations.

287.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 287 and accordingly denies the allegations.

288.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 288 and accordingly denies the allegations.

289.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 289 and accordingly denies the allegations.

290.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 290 and accordingly denies the allegations.

## **Count VI**

291.    Paragraph 291 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

1   292.    James He lacks knowledge or information sufficient to admit or deny the allegations

2   of Paragraph 292 and accordingly denies the allegations.

3   293.    James He lacks knowledge or information sufficient to admit or deny the allegations

4   of Paragraph 293 and accordingly denies the allegations.

5   294.    James He lacks knowledge or information sufficient to admit or deny the allegations

6   of Paragraph 294 and accordingly denies the allegations.

7   295.    James He lacks knowledge or information sufficient to admit or deny the allegations

8   of Paragraph 295 and accordingly denies the allegations.

9   296.    James He lacks knowledge or information sufficient to admit or deny the allegations

10  of Paragraph 296 and accordingly denies the allegations.

11  297.    James He lacks knowledge or information sufficient to admit or deny the allegations

12  of Paragraph 297 and accordingly denies the allegations.

13  **<u>Count VII</u>**

14  298.    Paragraph 298 contains no allegations of substance or fact.  James He reasserts his

15  response to each of the incorporated preceding paragraphs.

16  299.    James He lacks knowledge or information sufficient to admit or deny the allegations

17  of Paragraph 299 and accordingly denies the allegations.

18  300.    James He lacks knowledge or information sufficient to admit or deny the allegations

19  of Paragraph 300 and accordingly denies the allegations.

20  301.    James He lacks knowledge or information sufficient to admit or deny the allegations

21  of Paragraph 301 and accordingly denies the allegations.

22  302.    James He lacks knowledge or information sufficient to admit or deny the allegations

23  of Paragraph 302 and accordingly denies the allegations.

24  303.    James He lacks knowledge or information sufficient to admit or deny the allegations

25  of Paragraph 303 and accordingly denies the allegations.

26  304.    James He lacks knowledge or information sufficient to admit or deny the allegations

27  of Paragraph 304 and accordingly denies the allegations.

28

305.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 305 and accordingly denies the allegations.

306.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 306 and accordingly denies the allegations.

307.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 307 and accordingly denies the allegations.

308.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 308 and accordingly denies the allegations.

309.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 309 and accordingly denies the allegations.

310.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 310 and accordingly denies the allegations.

311.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 311 and accordingly denies the allegations.

312.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 312 and accordingly denies the allegations.

313.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 313 and accordingly denies the allegations.

314.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 314 and accordingly denies the allegations.

## Count VIII

315.    Paragraph 315 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

316.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 316 and accordingly denies the allegations.

317.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 317 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

318.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 318 and accordingly denies the allegations.

319.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 319 and accordingly denies the allegations.

320.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 320 and accordingly denies the allegations.

321.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 321 and accordingly denies the allegations.

## <u>Count IX</u>

322.     Paragraph 322 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

323.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 323 and accordingly denies the allegations.

324.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 324 and accordingly denies the allegations.

325.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 325 and accordingly denies the allegations.

326.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 326 and accordingly denies the allegations.

327.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 327 and accordingly denies the allegations.

328.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 328 and accordingly denies the allegations.

## <u>Count X</u>

329.     Paragraph 329 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

330.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 330 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

331.    James He denies the allegation that he used Cisco materials while employed at Poly. James He lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 331 and accordingly denies the allegations.

332.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 332 and accordingly denies the allegations.

333.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 333 and accordingly denies the allegations.

334.    James He denies that Dr. Chung recruited him to join Poly.  James He further denies that he misappropriated trade secrets by improper means.  James He lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 334 and accordingly denies the allegations.

335.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 335 and accordingly denies the allegations.

336.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 336 and accordingly denies the allegations.

337.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 337 and accordingly denies the allegations.

338.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 338 and accordingly denies the allegations.

339.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 339 and accordingly denies the allegations.

340.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 340 and accordingly denies the allegations.

341.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 341 and accordingly denies the allegations.

342.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 342 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

343.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 343 and accordingly denies the allegations.

344.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 344 and accordingly denies the allegations.

345.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 345 and accordingly denies the allegations.

346.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 346 and accordingly denies the allegations.

347.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 347 and accordingly denies the allegations.

348.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 348 and accordingly denies the allegations.

349.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 349 and accordingly denies the allegations.

## **Count XI**

350.     Paragraph 350 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

351.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 351 and accordingly denies the allegations.

352.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 352 and accordingly denies the allegations.

353.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 353 and accordingly denies the allegations.

354.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 354 and accordingly denies the allegations.

355.     James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 355 and accordingly denies the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

356.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 356 and accordingly denies the allegations.

### Count XII

357.    Paragraph 357 contains no allegations of substance or fact.  James He reasserts his response to each of the incorporated preceding paragraphs.

358.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 358 and accordingly denies the allegations.

359.    James He lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 359 and accordingly denies the allegations.

WHEREFORE James He prays judgment be entered in his favor, that Plaintiffs take nothing by reason of the Second Amended Complaint, inclusive of all relief requested therein, that James He be awarded his costs of suit and fees, and for such other and further relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), James He sets forth the following matters constituting avoidance or an affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in its entirety and through each separately stated claim for relief, fails to state facts sufficient to constitute a viable claim upon which relief can be granted as against this answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, because this answering Defendant is not liable for the acts of others over whom it has no control.

### THIRD AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred by the doctrines of laches and estoppel, and applicable statute(s) of limitation.

### FOURTH AFFIRMATIVE DEFENSE

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

The claims made in the Complaint, and any recovery thereunder, are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and recovery thereunder are barred and/or limited because Plaintiffs failed to mitigate the damages which they allegedly suffered, if any.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and recovery thereunder are barred as it has suffered no damages from James He's conduct, and James He has at all times acted in good faith, without malice, and with due regard of the alleged rights of Plaintiffs.

Defendant reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation.


Dated: August 19, 2020          By:    /s/ Kevin Viau
                                        Otto O. Lee, Esq.
                                        Kevin Viau, Esq.
                                        Jenny Hong-Gonzalez, Esq.
                                        INTELLECTUAL PROPERTY LAW GROUP LLP
                                        1871 The Alameda, Suite 250
                                        San Jose, California 95126
                                        Telephone: (408) 286-8933
                                        Facsimile: (408) 286-8932
                                        *Attorneys for Defendant James He*

//

//

//

//

//

//

//

//

//

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

## COUNTERCLAIMS

Defendant and Counter-Plaintiff James He, by and through his counsel Intellectual Property Law Group LLP, based upon personal knowledge as to his own acts, and on information and belief as to all others based on his own and his attorneys' investigation, alleges these counterclaims against Cisco, as follows:

### Introduction

1.      Defendant and Counter-Plaintiff James He  ("Mr. He") counterclaims against Plaintiff and Counter-Defendant Cisco Systems, Inc., a California Corporation, and Cisco Technology, Inc., a California Corporation (collectively "Cisco"), on the grounds that Cisco has been engaged in an escalating retaliatory campaign against Mr. He's decision to leave Cisco to work for its competitor Plantronics, Inc. ("Poly").  This was all done under the auspices of a de facto non-compete agreement.

2.      The broad claims against Mr. He are based on Cisco's insistence that Mr. He took information covered by a Proprietary Information and Inventions Agreement ("PIIA") that in reality functions more as an improper de facto non-compete agreement.  Indeed, the PIIA is so expansive that it covers normal, unprotectable ideas and information that are not normally thought of as confidential and that any individual leaving a company knows.  The PIIA was so expansive that it allowed Cisco to sue Mr. He for leaving Cisco with information or ideas that are not protectable under any laws.

3.      By using a de facto non-compete agreement, Mr. He has been and continues to be damaged by Cisco's conduct.  Mr. He brings these counterclaims to seek relief from Cisco's retaliatory campaign, and requireis a declaration from the Court declaring the provisions of the PIIA unenforceable and injunctive relief from the Court enjoining Cisco from enforcing such provisions.

### Jurisdiction and Venue

4.      Mr. He asserts these counterclaims under Rule 13 of the Federal Rules of Civil Procedure.  Cisco has its principal place of business in this District and has further consented to jurisdiction and venue by filing suit against Mr. He in this Court.  Accordingly, Cisco is subject to personal jurisdiction in this district.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

5.      This Court has supplemental subject matter jurisdiction over these state law counterclaims pursuant to 28 U.S.C. § 1367 because they arise out of the same occurrence that is the basis for Cisco's Defend Trade Secrets Act ("DTSA") claims and form part of the same case or controversy.

6.      Venue is proper within this District under 25 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these counterclaims occurred within this District.

**The Parties**

7.      Mr. He was, for a short period of time, an engineering director at Poly.  Mr. He was employed at Cisco for nearly twenty years as an engineer and engineering manager.  Upon his resignation from Cisco in June 2019, Mr. He began working at Poly.

8.      Cisco is a California corporation with its principal place of business located at 170 West Tasman Drive San Jose, California 95234.

**General Allegations**

9.      At the core of Cisco's Second Amended Complaint is the PIIA Mr. He was forced to sign when he first began working at Cisco as a condition of his employment.  Mr. He received no other form of consideration for agreeing to sign the PIIA.  Notwithstanding Cisco's belief that Mr. He had breached the PIIA, Cisco's true intent behind forcing employees like Mr. He to sign the PIIA is revealed by Cisco's reliance on it when bringing its misappropriation of trade secrets claims.

10.      The stand-alone PIIA and the broad provisions within it serves as a de facto non-compete agreement.  The PIIA deters employees like Mr. He from beginning employment for one of Cisco's competitors out of fear that they will face allegations of misappropriating documents or information included under the broad blanket cover set forth in the PIIA.

11.      Mr. He's PIIA broadly defines "Proprietary Information" to include without limitation:

> [S]oftware programs and subroutines, source and object code, algorithms, trade secrets, designs, technology, know-how, processes, data, ideas, techniques, inventions (whether patentable or not), works of authorship, formulas, business and product development plans, customer lists, terms of compensation and performance levels of Company employees, and other information concerning the Company's actual or anticipated business, research or development, or which is received in confidence by or for the Company from any other person.

12.     Having set out the above incredibly broad, virtually limitless definition of Proprietary Information, the PIIA includes the following related prohibitory provision:

> [At] all times, both during my employment by the Company and after its termination, I will keep in confidence and trust and will not use or disclose any Proprietary Information or anything relating to it without the prior written consent of an officer of the Company, except as may be necessary in the ordinary course of performing my duties to the Company.

The PIIA thus effectively precludes Mr. He from using his own know how or ideas after leaving Cisco unless an officer at Cisco permits him to do so in writing.  Mr. He is further not allowed to share the terms of his compensation at Cisco without the written permission of a Cisco officer.

13.     The PIIA also includes this provision:

> I understand that the Company possesses or will possess "Company Documents and Materials" which are important to its business. For purposes of this Agreement, "Company Documents and Materials" are documents or other media or tangible items that contain or embody Proprietary Information or any other information concerning the business, operations or plans of the Company, whether such documents, media or items have been prepared by me or by others. "Company Documents and Materials" include, but are not limited to, blueprints, drawings, photographs, charts, graphs, notebooks, customer lists, computer disks, tapes or printouts, sound recordings and other printed, typewritten or handwritten documents, sample products, prototypes and models.

14.     Classifying "know how," an employee's "ideas," and *any* information concerning Cisco's "actual or anticipated business" as proprietary information is a tool meant to make it difficult for employees to know what information falls under the protection of the PIIA and thus make it easier for Cisco to accuse ex-employees, like Mr. He, of misappropriating information that may not be confidential or even trade secrets, but still covered by the PIIA.  This is only compounded by additional provisions in the PIIA that make "all proprietary information … and all rights including, without limitation, intellectual property rights anywhere in the world in connection therewith," the sole property of Cisco.

15.     The definition of "Company Documents and Materials," only adds to the confusion as employees are unsure if things such as "notebooks" containing their own "ideas" or other personal work can be interpreted to be information concerning Cisco's business.  Indeed, the provision simply encompasses all information of whatever nature, irrespective of whether the information is public, readily ascertainable, or otherwise assembled or capable of assembly independently.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

16. The PIIA is Cisco's attempt to gain ownership over its employee's personal ideas and personal work solutions. Cisco is preventing employees from directly or indirectly benefitting from their work by using their own personal ideas and solutions to attain better employment opportunities. The PIIA effectively prevents employees from using any of their experience at Cisco as a platform to work for a competitor and discourages Cisco's competitors from hiring employees, because those employees are less valuable if they are (1) embroiled in costly and time-consuming litigation, and (2) prevented from using their years of experience in their new employment.

17. This is precisely the strategy that Cisco is attempting to employ against Mr. He. Cisco enforced its de facto non-compete agreement against Mr. He by filing misappropriation of trade secrets claims and claiming as "trade secrets" any of the amorphous information that fits within its expansive definition of "Proprietary Information" or Cisco-related information knowing that much of the information at issue is not protectable as a trade secret or even as competitively sensitive information. Cisco is now attempting to enforce its de facto non-compete agreement under the guise of allegations that Mr. He breached the provisions within the PIIA. Cisco asserts that Mr. He has breached the PIIA by allegedly uploading Cisco Confidential Materials onto external storage drives and then later accessing the materials while employed by Poly.

18. On information and belief, Cisco insisted that Mr. He agree to the provisions of the PIIA so that it could then use the PIIA to attempt to prevent Mr. He from obtaining employment with a competitor and, failing that, to attempt to get any such competitor to separate Mr. He from his employment. Cisco has already succeeded in its purpose as Mr. He was fired from his employment at Poly after Cisco raised its allegations of misappropriation and breach under the PIIA which are the subject of this action. Mr. He has thus suffered significant monetary and irreparable harm.

19. Cisco further claims Mr. He breached the PIIA by copying and archiving emails from his Cisco email account which allegedly contained proprietary information. On information and belief, Cisco's allegations are nothing more than a thinly-veiled retaliatory endeavor meant to punish Mr. He for his decision to leave the company. Using the PIIA as a de facto non-compete agreement is Cisco's vehicle to move its endeavor against Mr. He forward and it violates California's strong public policy in favor of employee mobility, as statutorily codified in California Business and

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

1   Professions Code § 16600.  Therefore, it is unenforceable and void.  Cisco requiring its employees to

2   enter into such agreement is an unlawful and unfair business practice within the meaning of

3   California Business and Professions Code § 17200, *et seq*.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

6   20.   Mr. He incorporates all the paragraphs above as though fully set forth herein.

7   21.   An actual controversy has arisen regarding the validity of Cisco's Proprietary

8   Information and Inventions Agreement.

9   22.   Specifically, Cisco has stated that its misappropriation of trade secrets claims against

10  Mr. He are based on allegations that "each of the trade secrets Mr. He misappropriated constitutes

11  Proprietary Information under Mr. He's PIIA" and that he breached the agreement because "pursuant

12  to his PIIA, Mr. He was prohibited from removing Proprietary Information from the business

13  premises of Cisco or delivering it to any person or entity outside of Cisco, except as required in

14  connection with performing the duties of his employment." Mr. He rightly believes that he is entitled

15  to his "ideas" and "know how" and that he is, therefore, free to use his ideas and know how without

16  the open threat from Cisco that it will sue him for breach of the PIIA. Mr. He further requires a

17  declaration that he is entitled to share his compensation information despite the fact that the PIIA, on

18  its face, prohibits him from doing so.

19  23.   The PIIA functions as a de-facto non-compete agreement that improperly restricts

20  Cisco employees' mobility, and is thus void as against public policy and unenforceable pursuant to

21  Cal. Bus. & Prof. Code §16600.

22  24.   Declaratory relief is necessary and proper so that Mr. He can resolve his rights and

23  duties relating to Cisco's PIIA.

## SECOND CAUSE OF ACTION

### (Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)

26  25.   Mr. He incorporates all the paragraphs above as though fully set forth herein.

27

28

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

26.     Cisco's use of its PIIA as a de facto non-compete agreement that is unlawful under California Business & Professions Code § 16600 constitutes unfair competition in violation of the Unfair Competition Law, specifically California Business & Professions Code § 17200 *et seq*.

27.     Cisco's unfair competition has injured and will continue to injure employees, like Mr. He, who have a desire to leave Cisco and begin working for one of Cisco's competitors or in the field in which Cisco competes.

28.     Upon information and belief, even though the non-compete provisions in the PIIA are unenforceable, Cisco has utilized them, and continues to utilize them, in an attempt to restrict Mr. He's mobility as an employee, and has so succeeded as Mr. He has already been fired from his position at Poly, thus suffering significant harm. On information and belief, Cisco maintains similar non-competition provisions as a scheme and device to restrain the employment opportunities of its employees within the State of California. Cisco also utilizes the non-competition provisions to prevent competing companies or employers from hiring Cisco's former employees to work in the State of California, and from lawfully soliciting and transacting business in competition with Cisco within the State of California, thereby obtaining an unfair competitive advantage and economic profits and other benefits to Cisco at the expense of Mr. He and Cisco's employees, former employees, and other competing companies or employers such as Poly and the People of California.

29.     By forcing Mr. He to defend against enforcement of an illegal, void, and unenforceable de facto non-compete agreement, Cisco has caused Mr. He to incur attorneys' fees, litigation costs, and economic damage in an amount to be proven during this matter.

30.     By reason of Cisco's violations of California Business and Professions Code § 17200 *et seq.*, Mr. He has been injured in his employment and property including through the expenditure of attorneys' fees and litigation costs.

31.     Unless enjoined by this Court, Cisco will continue to engage in the foregoing unfair business practices.  Mr. He thus requests an order enjoining Cisco from engaging in the unfair business practices described herein.

32.     Mr. He has suffered irreparable injury as a result of Cisco's actions and business practices, and the conduct alleged above will continue to cause harm to Mr. He until Cisco is

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

enjoined from such acts and practices. Mr. He is entitled to relief, including an injunction and such economic and other relief as may be proved during this matter.

### PRAYER FOR RELIEF

WHEREFORE, Mr. He respectfully requests that this Court enter judgment against Cisco as follows:

A declaration that Cisco's Proprietary Information and Inventions Agreement is unenforceable and void as against public policy;

An injunction enjoining Cisco from enforcing the de-facto non-compete agreement in violation of California law;

An award of any and all damages recoverable under law including but not limited to compensatory damages, enhanced damages, incidental damages, and consequential damages;

Pre- and post-judgment interest;

Attorneys' fees, costs, and expenses in this action; and

An award of such and further relief as the Court deems just and proper

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. He hereby demands a trial by jury of all issues so triable herein.

Dated: August 19, 2020       By:    */s/ Kevin Viau*

Otto O. Lee, Esq.
Kevin Viau, Esq.
Jenny Hong-Gonzalez, Esq.
INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126
Telephone: (408) 286-8933
Facsimile: (408) 286-8932
*Attorneys for Defendant James He*

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126