John M. Desmarais (SBN 320875)
jdesmarais@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
(415) 573-1900

Justin P.D. Wilcox (admitted *pro hac vice*)
jwilcox@desmaraisllp.com
Tamir Packin (SBN 317249)
tpackin@desmaraisllp.com
Steven M. Balcof (admitted *pro hac vice*)
sbalcof@desmaraisllp.com
Carson Olsheski (admitted *pro hac vice*)
colsheski@desmaraisllp.com
David A. Frey (admitted *pro hac vice*)
dfrey@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND**

| | |
|---|---|
| CISCO SYSTEMS, INC., a California Corporation, CISCO TECHNOLOGY, INC., a California Corporation<br><br>Plaintiffs,<br><br>v.<br><br>WILSON CHUNG, JAMES HE, JEDD WILLIAMS, and THOMAS PUORRO, individuals, and PLANTRONICS, INC. dba POLY, a Delaware Corporation<br><br>Defendants. | Case No. 4:19-CV-07562<br><br>**PLAINTIFFS' MOTION TO COMPEL ARBITRATION OF AND DISMISS COUNTER-PLAINTIFF HE'S COUNTERCLAIMS, OR, IN THE ALTERNATIVE, TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), AND TO STRIKE AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    N/A<br>Time:   N/A<br>Judge:  Hon. Phyllis J. Hamilton<br>Dept.:   Courtroom 3 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 5

II. FACTUAL BACKGROUND .............................................................................................. 6

III. LEGAL STANDARD .......................................................................................................... 6

    A. Motion to Compel Arbitration ................................................................................ 6

    B. Motion to Dismiss ................................................................................................... 7

    C. Motion to Strike ...................................................................................................... 7

IV. ARGUMENT ....................................................................................................................... 7

    A. The Court Should Compel Arbitration of Mr. He's Counterclaims. ...................... 7

        1. The He Agreement Is a Valid Arbitration Agreement. ............................... 8

        2. Mr. He's Declaratory Judgment and Unfair Competition Counterclaims Are Within the Scope of the He Agreement. ....................... 8

        3. The Court Should Dismiss the Counterclaims Pending Arbitration. .......... 9

    B. Mr. He Fails to State a Claim on Which Relief May Be Granted. ....................... 10

        1. Mr. He Has Not Alleged an Injury In Fact Caused By Unfair Competition. ............................................................................................... 10

        2. Mr. He's Unfair Competition Claim Fails to Plausibly Allege Unlawful, Unfair, or Fraudulent Business Practices. ................................. 12

            (a) Mr. He Does Not Plausibly Allege That the PIIA Is an Unlawful Non-Compete. ............................................................................... 12

            (b) The Unfair Competition Claim Sounds in Fraud, Yet Fails to Meet the Heightened Pleading Standard Under Fed. R. Civ. P. 9(b). ................. 13

        3. Mr. He's Request for Declaratory Relief Should Be Dismissed Because It Serves No Useful Purpose. ........................................................ 14

    C. The Court Should Strike Mr. He's Third, Fourth, and Fifth Affirmative Defenses. .............................................................................................................. 15

CONCLUSION ............................................................................................................................ 17

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Armorlite Lens Co. v. Campbell*,
  340 F. Supp. 273 (S.D. Cal. 1972) ............................................................................. 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................... 7

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ..................................................................................................... 8

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) ..................................................................... 16

*Brennan v. Opus Bank*,
  796 F.3d 1125 (9th Cir. 2015) ..................................................................................... 6

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000) ..................................................................................... 7

*Coffen v. Home Depot U.S.A. Inc.*,
  No. 16-CV-03302-PJH, 2016 WL 4719273 (N.D. Cal. Sept. 9, 2016) ...................... 14

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985) .............................................................................................. 6, 7, 9

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,
  890 F.2d 165 (9th Cir. 1989) ..................................................................................... 16

*Hall v. Time Inc.*,
  158 Cal. App. 4th 847 (2008) ............................................................................... 10, 11

*Hopkins & Carley, ALC v. Thomson Elite*,
  No. 10-CV-05806-LHK, 2011 WL 1327359 (N.D. Cal. Apr. 6, 2011) ...................... 9

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
  304 F.3d 829 (9th Cir. 2002) ..................................................................................... 15

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ................................................................................... 13

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*,
  363 F.3d 1010 (9th Cir. 2004) ..................................................................................... 7

*Loomis v. Slendertone Distribution, Inc.*,
  420 F. Supp. 3d 1046 (S.D. Cal. 2019) ..................................................................... 13

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................... 10

*Matilock, Inc. v. Pouladdej*,
  No. 20-CV-01186-HSG, 2020 WL 3187198 (N.D. Cal. June 15, 2020) .................. 10

*Microsoft Corp. v. Hon Hai Precision Indus. Co.*,
   No. 19-CV-01279-LHK, 2020 WL 5128629 (N.D. Cal. Aug. 31, 2020)............................ 16

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) ................................................................................................. 14

*Perez v. Gordon & Wong Law Grp., P.C.*,
   No. 11-CV-03323-LHK, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ......................... 7, 15

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) .............................................................................................. 7

*Sparling v. Hoffman Const. Co.*,
   864 F.2d 635 (9th Cir. 1988) .............................................................................................. 9

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ......................................................................................... 7, 11

*United States v. State of Wash.*,
   759 F.2d 1353 (9th Cir. 1985) ...................................................................................... 14, 15

*Whitewater W. Indus., Ltd. v. Alleshouse*,
   No. 17-CV-0501 DMS (NLS), 2017 WL 11421526 (S.D. Cal. Sept. 7, 2017) ................... 13

**STATUTES**

18 U.S.C. § 1836(d) ............................................................................................................... 15

9 U.S.C. § 2 .............................................................................................................................. 6

9 U.S.C. § 4 ........................................................................................................................... 4, 7

Cal. Bus. & Prof. Code § 16600 ............................................................................................... 9

Cal. Bus. & Prof. Code § 17200 ............................................................................................... 5

Cal. Bus. & Prof. Code § 17200 *et seq.* ............................................................................... 4, 9

Cal. Bus. & Prof. Code § 17204 ............................................................................................. 10

Cal. Civ. Code § 3426.6 ......................................................................................................... 15

**RULES**

Fed. R. Civ. P. 12(b)(1) .......................................................................................................... 10

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 4, 7, 10, 12

Fed. R. Civ. P. 12(f) .............................................................................................................. 4, 7

Fed. R. Civ. P. 8 .................................................................................................................. 7, 15

Fed. R. Civ. P. 8(b)(1) .............................................................................................................. 7

Fed. R. Civ. P. 9(b) .................................................................................................. 12, 13, 14

# NOTICE OF THE MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS, AND TO STRIKE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco") will and hereby do move pursuant to 9 U.S.C. § 4 for an order compelling Defendant James He ("Mr. He") to submit his counterclaims against Cisco to arbitration or, alternatively, for an order dismissing Mr. He's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, Cisco will and hereby does move to strike affirmative defenses pled in Defendant Mr. He's Answer to the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

# RELIEF SOUGHT

Cisco respectfully requests that this Court compel Mr. He to submit his counterclaims against Cisco to arbitration and dismiss the counterclaims from this case. In the alternative, Cisco requests that this Court dismiss Mr. He's counterclaims for declaratory relief and for a violation of Cal. Bus. & Prof. Code § 17200 *et seq.* in their entirety for failure to state a claim upon which relief can be granted. Cisco further requests that Mr. He's Third, Fourth, and Fifth affirmative defenses be stricken.

I. **INTRODUCTION**

Mr. He's Counterclaims against Cisco (Dkt. 130, hereinafter "Counterclaims" or "HCC") must be arbitrated—not litigated in this Court. Mr. He and Cisco entered into a Proprietary Information and Inventions Agreement (the "He Agreement," or "PIIA" attached as Ex. A[1]) that requires arbitration of the employment-related disputes that form the bases of the Counterclaims. Accordingly, the Court should compel Mr. He to arbitrate his employment-related disputes with Cisco and dismiss his Counterclaims.

Notwithstanding Mr. He's obligation to arbitrate with Cisco, his Counterclaims fail to state a plausible claim for relief. As an initial matter, Mr. He does not plausibly allege that an injury in fact occurred as a result of the handful of provisions of the He Agreement that allegedly form the bases for his Counterclaims. Nor has Mr. He plausibly alleged that the He Agreement is an unlawful non-compete. Furthermore, Mr. He's claim under Cal. Bus. & Prof. Code § 17200 (the "UCL") utterly fails to meet the heightened pleading standard required by Fed. R. Civ. P. 9(b), instead alleging a scheme to restrain employee mobility on mere "information and belief." In addition, because Mr. He's request for declaratory relief from the PIIA would in no way advance resolution of the underlying trade secret litigation, the Court should decline to exercise jurisdiction for prudential reasons.

Finally, Mr. He's boilerplate affirmative defenses are entirely conclusory, lacking any supporting factual allegations. As a result, Mr. He fails to provide fair notice of those defenses to Cisco. That lack of notice is especially troubling in view of Mr. He's defenses that are facially implausible. For example, without any factual underpinning, Cisco cannot ascertain the basis of Mr. He's statute of limitations and laches defenses in view of the fact that Cisco sued Mr. He within months of discovering the misconduct that formed the basis for Cisco's claims. In short, the Court should strike Mr. He's boilerplate defenses.

---

[1] All exhibits referenced herein are attached to the Declaration of C. Olsheski ("Olsheski Decl.").

## II.  FACTUAL BACKGROUND

Mr. He voluntarily entered into the He Agreement when he went to work for Cisco.  (Ex. A at 7.)  Cisco employed Mr. He as an engineer and engineering manager in Cisco's Unified Communications Technology Group for twenty years.  (Dkt. 108, Second Amended Complaint, hereinafter "SAC" ¶ 103.)  In June 2019, Mr. He left Cisco to join Plantronics, Inc. ("Poly").  (*Id.* ¶ 123.)

In the weeks preceding his departure from Cisco, Mr. He wrongfully copied thousands of Cisco's confidential documents to a personal hard drive that he retained when he left.  (*Id.* ¶¶ 108–121.)  Cisco's forensic investigation revealed that Mr. He accessed a number of these documents while employed at Poly, and that Mr. He took deliberate steps to conceal his misappropriation when his conduct was discovered.  (*Id.* ¶¶ 124–129.)  Cisco subsequently notified Poly that Mr. He had misappropriated Cisco documents.  (*Id.* ¶ 130.)  After investigating Mr. He's activity, Poly terminated his employment.  (*Id.*)   Cisco brought a trade secret misappropriation suit against Mr. He to remedy the harm it suffered and continues to suffer, seeking damages and to enjoin Mr. He from any further misappropriation of Cisco's trade secrets. (*Id.* ¶¶ 95, 262-263, 269-270.)

Now, Mr. He has filed counterclaims challenging three provisions of the PIIA: (1) classification of know-how as "Proprietary Information;" (2) classification of ideas as "Proprietary Information;" and (3) classification of terms of compensation as "Proprietary Information."  (HCC ¶¶ 12–14, 22.)

## III.  LEGAL STANDARD

### A.  Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") "applies to any contract . . . evidencing a transaction involving commerce."  *Brennan v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir. 2015).  Under the FAA, written agreements to arbitrate "'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (quoting 9 U.S.C. § 2).  "A party to a valid arbitration agreement may 'petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.'"  *Lifescan, Inc. v. Premier*

*Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004); *see* 9 U.S.C. § 4. The FAA "requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc.*, 470 U.S. at 217. "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

### B. Motion to Dismiss

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). A pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### C. Motion to Strike

Fed. R. Civ. P. 8(b)(1) requires that a party "state in short and plain terms its defenses to each claim asserted against it." To satisfy Rule 8, "a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the claim." *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012). Fed. R. Civ. P. 12(f) permits the Court to strike an affirmative defense that fails to meet this standard. *See id.*

## IV. ARGUMENT

### A. The Court Should Compel Arbitration of Mr. He's Counterclaims.

Mr. He's counterclaims are arbitrable because: (1) Cisco and Mr. He have a valid arbitration agreement; and (2) Mr. He's Counterclaims fall within the scope of the agreement.

### 1. The He Agreement Is a Valid Arbitration Agreement.

The He Agreement—executed by Cisco and Mr. He on March 8, 1999—requires the parties to arbitrate disputes, such as those that form the basis for Mr. He's counterclaims here. (Ex. A at 5–6.) The He Agreement is a valid agreement to arbitrate. Like the Chung Agreement this Court has already analyzed, the He Agreement contains a general arbitration agreement provision: "I agree that any and all disputes that I have with the Company . . . which arise out of my employment . . . shall be resolved through final and binding arbitration." (*Id.* at 5.) Thus, Mr. He cannot credibly dispute that the He Agreement is valid and binds him to arbitrate disputes within the scope of the arbitration provision. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (explaining that the Federal Arbitration Act makes arbitration agreements "valid, irrevocable, and enforceable as written," and that parties may "agree to limit the issues subject to arbitration" and "to arbitrate according to specific rules").

### 2. Mr. He's Declaratory Judgment and Unfair Competition Counterclaims Are Within the Scope of the He Agreement.

Mr. He's Counterclaims fall within the broad scope of the arbitration provision of the He Agreement. The He Agreement provides:

> **I agree that any and all disputes that I have with the Company,** or any of its employees, **which arise out of my employment or under the terms of my employment, shall be resolved through final and binding arbitration, as specified herein**. **This shall include, without limitation, disputes relating to this Agreement**, my employment by the Company or the termination thereof, claims for breach of contract or breach of the covenant of good faith and fair dealing, and any claims of discrimination or other claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the California Fair Employment and Housing Act, the Employee Retirement Income Securities Act, the Racketeer Influenced and Corrupt Organizations Act, or any other federal, state or local law or regulation now in existence or hereinafter enacted and as amended from time to time concerning in any way the subject of my employment with the Company or its termination. **The only disputes not covered by this Agreement are the following:** (i) claims for benefits under the unemployment insurance or workers' compensation laws, and **(ii) claims concerning the validity, infringement or enforceability of any trade secret**, patent right, copyright, trademark or any other intellectual property held or sought by the Company or which the Company could otherwise seek; in each of these instances such disputes or claims shall not be subject to arbitration, but rather, will be resolved pursuant to applicable law.

(Ex. A at 5–6 (emphases added).) The He Agreement explicitly identifies "***disputes related to this Agreement***" as arbitrable. (*Id.* at 5.) Mr. He's counterclaims for unfair competition and declaratory relief each specifically concern provisions of Mr. He's PIIA—the same agreement that includes the arbitration provision. Moreover, Cisco and Mr. He agreed to arbitrate "claims under . . . any other federal, state or local law" (*id.* at 5), which plainly encompasses Mr. He's California law claims that the PIIA is "a de facto non-compete agreement that is unlawful under California Business & Professions Code § 16600" and "constitutes unfair competition in violation of the Unfair Competition Law, specifically California Business & Professions Code § 17200 *et seq.*" (HCC ¶ 26.) Nor are Mr. He's claims the types of disputes expressly carved out of the arbitration provision. (Ex. A at 5–6 ("The only disputes not covered by this Agreement are the following. . . .").) Accordingly, because Mr. He's Counterclaims must be arbitrated according to the terms of the He Agreement, the Court should compel Mr. He to arbitrate his disputes with Cisco. *See Dean Witter Reynolds, Inc.*, 470 U.S. at 218 ("By its terms, the [Federal Arbitration] Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

### 3. The Court Should Dismiss the Counterclaims Pending Arbitration.

Once the Court has compelled Mr. He to arbitrate his Counterclaims, it should dismiss those claims. The automatic stay provision of 9 U.S.C. § 3 "does not limit the court's authority to grant a dismissal . . . ." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Thus, the Court has the discretion either to stay or dismiss claims subject to arbitration. *Id.* A dismissal is preferable to a stay of unknown duration. *See Hopkins & Carley, ALC v. Thomson Elite*, No. 10-CV-05806-LHK, 2011 WL 1327359, at *8 (N.D. Cal. Apr. 6, 2011). Here, the Court should dismiss the claims, because like the arbitration agreement at issue in *Sparling*, the He Agreement is sufficiently broad to bar all of Mr. He's claims. *See Sparling*, 864 F.2d at 638.

**B.     Mr. He Fails to State a Claim on Which Relief May Be Granted.**

**1.     Mr. He Has Not Alleged an Injury In Fact Caused By Unfair Competition.**

Mr. He's unfair competition claim should be dismissed under Fed. R. Civ. P. 12(b)(6)[2] for failure to state a claim because Mr. He has not sufficiently alleged an injury in fact as a result of the challenged conduct. "To bring an unfair competition claim," Mr. He "must have suffered an injury in fact and lost money or property *as a result of the unfair competition*." *See Matilock, Inc. v. Pouladdej*, No. 20-CV-01186-HSG, 2020 WL 3187198, at *5 (N.D. Cal. June 15, 2020) (emphasis added); Cal. Bus. & Prof. Code § 17204 ("Actions for relief pursuant to this chapter shall be prosecuted . . . by a person who has suffered injury in fact and has lost money or property *as a result of* the unfair competition" (emphasis added)). Causation requires a showing of "a causal connection" to the alleged acts of unfair competition. *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008). As explained below, Mr. He has not plausibly alleged that any injury in fact he suffered has a causal connection to the challenged conduct.

Mr. He appears to allege two general harms, neither of which are sufficient to state a claim for unfair competition: (1) attorneys' fees and litigation expenses (HCC ¶ 29); and (2) his termination from Poly (*id.* ¶ 28). To plausibly allege an unfair competition claim, Mr. He must allege facts to show that Cisco's purported acts of unfair competition either caused him to incur attorneys' fees (other than those expended prosecuting the Counterclaims) or to lose his job at Poly—neither of which he alleges.

There is no causal connection between the challenged conduct and Mr. He's litigation expenses, because Mr. He's expenses are the result of defending against Cisco's trade secret misappropriation claims under the Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA")—not claims for breach of the PIIA. Indeed, Cisco has not alleged that Mr. He breached the PIIA, nor has it threatened to sue Mr. He for breach of the PIIA. (*See generally* SAC.) And, Mr. He's allegations to the contrary are false. (*See* HCC ¶ 17.) In

---

[2] Dismissal is also appropriate under Fed. R. Civ. P. 12(b)(1). Mr. He cannot establish Article III standing in the absence of an injury in fact that is fairly traceable to the challenged action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

fact, Cisco's trade secret misappropriation claims are based on the wrongful acquisition, retention, disclosure, and use of Cisco Confidential Materials (defined as "***documents*** containing Cisco's highly confidential and proprietary business information") that contain its trade secrets and in no way rely on a breach of the PIIA to establish liability.  (*E.g.*, SAC ¶ 4 (emphasis added); *see also id.* ¶¶ 243–248.)  Because Mr. He's allegations that Cisco attempted to enforce the PIIA are wholly unsupported and contrary to the record, they are not entitled to the presumption of truth.  *See Sprewell*, 266 F.3d at 988.

Additionally, Mr. He pleads no facts to support a causal connection between the disputed provisions of the PIIA and his termination by Poly.  Mr. He alleges that "Cisco has already succeeded in its purpose as Mr. He was fired from his employment at Poly after Cisco raised its allegations of misappropriation and breach under the PIIA." (HCC ¶ 18.)  But Mr. He offers no factual support for his allegation that "Cisco raised its allegations of . . . breach under the PIIA" to Poly. (*See id.*)  This unsupported assertion—made "on information and belief"—is contrary to the allegations in the SAC.  (SAC ¶ 130 ("On August 2, 2019, Cisco notified Poly that Mr. He had misappropriated Cisco Confidential Materials.  Poly investigated Cisco's allegations and terminated Mr. He's employment with Poly shortly thereafter.").)  And, when asked to admit or deny the allegation above, Mr. He admitted that he was fired, but claimed to "lack[] knowledge or information sufficient to admit or deny the remaining allegations. . . ." (Dkt. 130 (He Answer) at 130.)  Having lacked a basis to admit or deny allegations in Cisco's complaint about Poly's termination of his employment, Mr. He cannot now allege—apparently based upon pure speculation—that his termination resulted because Cisco raised allegations of breach of the PIIA to his former employer.

Because Mr. He has not alleged that the challenged provisions of the PIIA (relating to know-how, ideas, terms of compensation, and solicitation) are connected to some economic harm, his allegations of causation are insufficient to state a claim for relief. *See Hall*, 158 Cal. App. 4th at 857.

### 2. Mr. He's Unfair Competition Claim Fails to Plausibly Allege Unlawful, Unfair, or Fraudulent Business Practices.

Mr. He's unfair competition Counterclaim should also be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to allege unlawful, unfair, or fraudulent business practices for at least two reasons. First, the claim does not plausibly allege that the PIIA is an unlawful non-competition agreement. Second, Mr. He's pleadings "on information and belief" fail to provide the particularized allegations required for unfair competition claims under Fed. R. Civ. P. 9(b).

#### (a) Mr. He Does Not Plausibly Allege That the PIIA Is an Unlawful Non-Compete.

Mr. He's allegations that the PIIA is an unlawful *de facto* non-compete that Cisco has supposedly used to restrict Mr. He's mobility as an employee fail to articulate a plausible claim for relief. (*E.g.*, HCC ¶ 23.) The alleged facts that supposedly underpin this cause of action are implausible. For example, Mr. He alleges that Cisco "is now attempting to enforce its de facto non-compete under the guise of allegations that Mr. He breached the provisions within the PIIA." (*Id.* ¶ 17.) But the Counterclaim does not allege how Cisco has attempted to assert the PIIA against Mr. He, nor could it—Cisco has neither alleged that Mr. He breached the PIIA, nor relied on the PIIA as a basis for imposing liability on Mr. He. Mr. He further seeks relief from "the open threat from Cisco that it will sue him for breach of the PIIA" but fails to identify any such open threat. (*Id.* ¶ 22.) Furthermore, Mr. He alleges no facts in support of his assertion that Cisco has used "the non-compete provisions in the PIIA . . . in an attempt to restrict Mr. He's mobility as an employee." (*Id.* ¶ 22.)

Additionally, Mr. He's claims that Cisco "effectively precludes Mr. He from using his own know how or ideas" are implausible. (*Id.* ¶ 12.) Mr. He alleges that Cisco classifies personal "know-how" and "ideas" as proprietary and requires permission from a Cisco officer to use them after leaving Cisco. (*Id.*) In fact, Mr. He never alleges that (1) he sought consent from Cisco to use any of his personal know-how or ideas, (2) that he was denied consent, or (3) that seeking consent was unduly restrictive. Thus, these allegations are facially insufficient to plausibly allege that the PIIA is a *de facto* non-compete.

Furthermore, the PIIA seeks to protect only *Cisco's* ideas and know-how, not Mr. He's ideas or know-how unrelated to his work at Cisco. In fact, as defined by the PIIA, "Proprietary Information" is "information that was . . . developed, created, or discovered ***by or on behalf of the Company***." (Ex. A ¶ 2.) Even to the extent that the challenged provisions of the PIIA do amount to a non-compete (which they do not), it is well established that "non-compete agreements are enforceable to the extent they relate to ideas and concepts which were based upon secrets or confidential information of the employer." *Whitewater W. Indus., Ltd. v. Alleshouse*, No. 17-CV-0501 DMS (NLS), 2017 WL 11421526, at *3 (S.D. Cal. Sept. 7, 2017) (quoting *Armorlite Lens Co. v. Campbell*, 340 F. Supp. 273, 275 (S.D. Cal. 1972)). In short, because Mr. He alleges no facts that Cisco sought ownership over his own ideas and/or know-how, his unfair competition Counterclaim should be dismissed.

        **(b)**        **The Unfair Competition Claim Sounds in Fraud, Yet Fails to Meet the Heightened Pleading Standard Under Fed. R. Civ. P. 9(b).**

"Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1078 (S.D. Cal. 2019) ("Rule 9(b)'s heightened pleading standard applies to UCL . . . causes of actions because they are grounded in fraud or sound in fraud."). Although fraud is not a necessary element of a claim under the UCL, when a plaintiff alleges a unified course of fraudulent conduct, "the claim is said to be grounded in fraud or to sound in fraud" and the pleading as a whole must satisfy the particularity requirement of Fed. R. Civ. P. 9(b). *Kearns*, 567 F.3d at 1125. Here, Mr. He alleges that "Cisco maintains similar non-competition provisions as a scheme and device to restrain the employment opportunities of its employees within the State of California." (HCC ¶ 28.) Accordingly, the pleading as a whole must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b).

The Counterclaims fail to meet the heightened Rule 9(b) standard, which requires a party to "state with particularity the circumstances constituting fraud." Specifically, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124. Mr. He's unfair competition claim falls far short of this standard. For

example, it alleges a fraudulent course of conduct on **nothing more than information and belief**. (HCC ¶¶ 18, 19, 28 (emphasis added).)  Lacking any supporting factual allegations, Mr. He's "information and belief" allegations are legally insufficient to meet the Rule 9(b) pleading standard.  *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (explaining that under Rule 9(b) "a plaintiff who makes allegations on information and belief must state the factual basis for the belief").

Furthermore, it is not clear *what* actions Mr. He alleges Cisco took in furtherance of the alleged scheme, much less *when* those actions occurred.  In fact, Mr. He does not allege that Cisco was aware that the PIIA contained unlawful and unenforceable provisions when it entered the contract with Mr. He.  And, because Mr. He does not identify what actions Cisco supposedly took, and when they occurred, he does not and cannot make the required allegations to establish scienter. *See Coffen v. Home Depot U.S.A. Inc.*, No. 16-CV-03302-PJH, 2016 WL 4719273, at *6 (N.D. Cal. Sept. 9, 2016) ("[P]laintiff has not stated a claim for fraud because there are no particularized allegations plausibly establishing scienter or that the [] statement was false when made.").

Mr. He's allegations that the "PIIA deters employees like Mr. He from beginning employment for one of Cisco's competitors" (HCC ¶ 10), are also unsupported by any particularized factual assertions.  Indeed, those allegations are wholly implausible in light of the fact that Cisco has not even alleged breach of the PIIA.  Additionally, as stated above, Mr. He's many averments "upon information and belief" (*e.g.*, *id.* ¶¶ 18, 19, 28), fail to meet the heightened pleading standard of Rule 9(b).  *Neubronner*, 6 F.3d at 672.

### 3. Mr. He's Request for Declaratory Relief Should Be Dismissed Because It Serves No Useful Purpose.

Mr. He's declaratory judgment Counterclaim should be dismissed because it is untethered to Cisco's trade secret misappropriation claims.  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985).  Here, Mr. He has challenged three provisions of the PIIA: (1) classification of know-how as "Proprietary Information;" (2)

classification of ideas as "Proprietary Information;" and (3) classification of terms of compensation as "Proprietary Information." (HCC ¶¶ 12–14, 22.) Cisco has not brought a claim against Mr. He for breach of the PIIA. In fact, the three challenged provisions are wholly unrelated to Cisco's claims for trade secret misappropriation. To be clear, Cisco has alleged theft of *documents* containing Cisco's trade secrets that Mr. He copied to a personal hard drive immediately before leaving Cisco. (*E.g.*, SAC ¶ 4.) His know-how, ideas, and terms of compensation are not at issue.

Resolving Mr. He's Request for Declaratory Judgment would not advance resolution of Cisco's co-pending trade secret misappropriation claims. Therefore, the Court should exercise its discretion to dismiss Mr. He's declaratory relief request. *State of Wash.*, 759 F.2d at 1356 ("The decision to grant declaratory relief is a matter of discretion.").

### C. The Court Should Strike Mr. He's Third, Fourth, and Fifth Affirmative Defenses.

Mr. He's Third, Fourth, and Fifth affirmative defenses (collectively, "Defenses") should be stricken because he failed to allege a sufficient factual basis for each. To satisfy Rule 8, "a defendant's pleading of affirmative defenses "must put a plaintiff on notice of the underlying factual bases of the claim." *Perez*, 2012 WL 1029425, at *8. Each of Mr. He's recited Defenses is a bare legal conclusion, lacking any supporting factual allegations. (Dkt. 130 at 28.) Thus, Mr. He has not provided the requisite supporting factual allegations for the Defenses, thereby depriving Cisco of adequate notice of the basis for each defense.

Mr. He's Third Affirmative Defense recites: "The claims made in the Complaint are barred by the doctrines of laches and estoppel, and applicable statute(s) of limitation." (*Id.* at 40.) That statement fails to provide Cisco any notice of any of the three distinct defenses summarily stated therein. The defense of laches rests on the maxim that "one who seeks the help of a court of equity must not sleep on his rights" and "[i]f the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). The statute of limitations for both DTSA and CUTSA claims is three years. Cal. Civ. Code § 3426.6; 18 U.S.C. § 1836(d). And Mr. He does not even

identify which theory of estoppel supposedly applies.  Mr. He's failure to plead any details of these defenses is especially troubling given the ambiguity, implausibility, and failure to allege prejudice. (*See* Dkt. 1 ¶ 108 (Cisco's Complaint was filed on November 18, 2019 and alleges Mr. He's misappropriation began in May 2019).)

Mr. He's Fourth Affirmative Defense—unclean hands—recites:  "The claims made in the Complaint, and any recovery thereunder, are barred by the doctrine of unclean hands."  (Dkt. 130 at 29.)  The unclean hands doctrine "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted."  *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).  A "fundamental" aspect of the doctrine is whether a Plaintiff's misconduct "relate[s] directly to the transaction concerning which the complaint is made."  *Id.*  But Mr. He fails to identify what alleged misconduct forms the basis of his unclean defense, and to the extent he has alleged any misconduct, he has not alleged any misconduct relating to the acquisition of the trade secrets at issue in Cisco's claims.  This pleading deficiency deprives Cisco of notice, and improperly shifts the burden to Cisco to discover the basis of this defense in discovery.

Mr. He's Fifth Affirmative Defense—failure to mitigate—recites:  "Plaintiffs' claims and recovery thereunder are barred and/or limited because Plaintiffs failed to mitigate the damages which they allegedly suffered, if any."  (Dkt. 130 at 29.)  Under this defense, a "plaintiff may not recover for damages avoidable through ordinary care and reasonable exertion."  *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 5128629, at *16 (N.D. Cal. Aug. 31, 2020).  Yet Mr. He does not plead any facts tending to show that Cisco failed to exercise ordinary care to mitigate damages.  This pleading deficiency also deprives Cisco of notice and improperly shifts the burden to Cisco to discover the basis of this defense in discovery.

In short, the Court should strike Mr. He's insufficiently pled defenses because they identify no facts that render them plausible or provide Cisco with requisite notice.  *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("AT & T fails to provide any facts, instead, just alleging that the affirmative defense exists.").

## **CONCLUSION**

Cisco respectfully requests that Mr. He's counterclaims be ordered COMPELLED TO ARBITRATION and/or DISMISSED in their entirety. Additionally, Cisco respectfully requests that Mr. He's Third, Fourth, and Fifth Defenses be STRICKEN from his Answer to the Second Amended Complaint.

Dated:  September 9, 2020

Respectfully submitted,

DESMARAIS LLP

By:  /s/ Carson Olsheski
John M. Desmarais (SBN 320875)
jdesmarais@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
(415) 573-1900

Justin P.D. Wilcox (admitted *pro hac vice*)
jwilcox@desmaraisllp.com
Tamir Packin (SBN 317249)
tpackin@desmaraisllp.com
Steven M. Balcof (admitted *pro hac vice*)
sbalcof@desmaraisllp.com
Carson Olsheski (admitted *pro hac vice*)
colsheski@desmaraisllp.com
David A. Frey (admitted *pro hac vice*)
dfrey@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*Attorneys for Plaintiffs*