UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WILSON CHUNG, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07562-PJH<br><br>**ORDER PERMITTING PLAINTIFF LEAVE TO FILE APPENDED MOTION FOR PARTIAL RECONSIDERATION AND STAYING DECEMBER 21, 2020 SEALING ORDERS PENDING DISPOSITION OF PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 169, 171 |

On December 21, 2020, the court issued an order granting in part and denying in part various motions to seal filed in connection with defendants Plantronics Inc.'s and Thomas Puorro's (collectively, "Plantronics") motion to strike and challenge the sufficiency of plaintiff's California Code of Civil Procedure § 2019.210 trade secret designation (the "disclosure").  Dkt. 168 (the "December 21 Order").  The court directed plaintiff to prepare and provide Plantronics with redacted copies of various filings considered in that order and consistent with the order's sealing determinations.  Id. at 32.  Plaintiff was required to provide Plantronics the subject copies by December 31, 2020.  Id.  By January 4, 2021, plaintiff and Plantronics were both required to file on the public docket the subject copies as well as other specified filings.  Id.

On December 30, 2020, plaintiff filed a motion for leave (Dkt. 169) to file an appended motion for partial reconsideration of the December 21 Order's determinations on the various motions to seal (Dkt. 169-1).  In its partial motion for reconsideration, plaintiff argues that the court "failed to consider critical legal arguments and facts that support sealing" five excerpts in the disclosure and a slide in a supporting exhibit that the

court ordered unsealed.  Dkt. 169-1 at 3.  Plaintiff challenges only those six sealing determinations.  Id. at 3.

On December 31, 2020, at approximately 5:00 pm (PT), plaintiff filed a motion to stay portions of the December 21 Order's sealing determinations.  Dkt. 171.  In particular, plaintiff requests that the court stay the following portions of that order pending a decision on plaintiff's motion for leave to file a motion for partial reconsideration:

- Plaintiff's obligation to provide Plantronics a redacted copy of the disclosure consistent with the court's sealing determination.  Dkt. 171 at 2.
- Plantronics's obligation to file that copy on the public docket by January 4, 2021.  Id.
- Plaintiff's obligation to publicly file a redacted copy of Docket 156-1 consistent with the court's sealing determinations.  Id.

In its motion to stay, plaintiff's counsel represents that Plantronics does not oppose plaintiff's motion to stay but does oppose its motion for partial reconsideration.  Id. at 2.

The court permits plaintiff leave to file (Dkt. 169) its motion for partial reconsideration (Dkt. 169-1).  Pursuant to its inherent authority to manage its docket, the court **STAYS** the above-bulleted portions of its December 21 Order.  To be clear, the subject order to stay should not be read to suggest that the underlying motion for reconsideration has merit.  Rather, the court prefers to have an opportunity to fully consider and rule on the motion.  Plantronics may file a ten-page opposition to it **within ten days** of this order.  Plaintiff may not file a reply.

This order does not affect the parties' remaining obligations under the December 21 Order.  Additionally, plaintiff should be prepared to provide Plantronics with a copy of the redacted disclosure and Docket 156-1 for public filing immediately following the court's decision on the motion for partial reconsideration.  Plaintiff should also understand that, going forward, the court will not entertain eleventh hour motions.

**IT IS SO ORDERED.**

Dated: January 1, 2021

                                                /s/ Phyllis J. Hamilton
                                                PHYLLIS J. HAMILTON
                                                United States District Judge